UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04512-BFM **Date:** August 20, 2026

**Title:** *Maryum Burgazi v. Todd Blanche, et al.*

===========================================================

Present: The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

| Christianna Howard | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondents |
| N/A | N/A |

**Proceedings: (In Chambers) Order Granting Petition (ECF 1)**

Petitioner Maryam Burgazi filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on August 10, 2026. (ECF 1 ("Pet.").) For the reasons stated below, the Petition is **granted**.

## I. Factual Background

Petitioner is a noncitizen who is currently detained at the Adelanto Detention Facility, within the Central District of California. (Pet. ¶ 6.) She entered the United States in 2005, after fleeing Afghanistan due to her father's past military service against Taliban forces. (Pet. ¶ 2.) On June 4, 2008, she obtained asylee status as a derivative on her estranged husband's asylum application. (Pet. ¶ 2.)

On December 4, 2023, Petitioner was issued a notice to appear and charged with removability for having been convicted of an aggravated felony. (Pet. ¶ 6.) DHS also moved to terminate her asylee status. (Pet. ¶ 6.)

On March 27, 2025, Petitioner reported as required for processing and was released by immigration officials. (Pet. ¶ 7.) She continued to comply with

all check-in requirements, wore a GPS ankle bracelet, and complied with in-home visit requirements. (Pet. ¶ 7.)

On September 16, 2025, Petitioner was detained at a routine ICE check-in and has been detained at Adelanto Detention Facility since. (Pet. ¶ 6.)

On April 16, 2026, an Immigration Judge ordered Petitioner removed, but simultaneously granted Petitioner's application for deferral of removal under the Convention Against Torture (CAT). (Pet. ¶ 9; ECF 1-4 at 8-11.) Petitioner and the DHS waived appeal of the removal order, and the order became final that day. (Pet. ¶ 9; ECF 1-4 at 8-11.)

## II. Analysis

Petitioner argues that her detention violates due process and the relevant detention statutes. (Pet. ¶¶ 32-57.) Respondents oppose Petitioner's release. (ECF 7 (Answer).) After review, the Court concludes that the Petition should be granted, and Petitioner ordered released, because her detention violates § 1231(a). The Court declines to hold the Petition, therefore, to await further briefing in the matter.

Section 1231 governs the Government's authority to detain non-citizens, like Petitioner, who have a final order of removal. The statute provides that the Government "shall detain" noncitizens during the "removal period." 8 U.S.C. § 1231(a)(2)(A). The removal period is 90 days. *Id.* § 1231(a)(1)(A). Thereafter, the statute permits—but does not require—the detention of certain noncitizens found inadmissible or removable on specified grounds, "or who have been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." *Id.* at § 1231(a)(6). Such

individuals "may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)." *Id.*

The Supreme Court has construed Section 1231(a)(6) not to permit the "indefinite" detention of noncitizens, which would pose serious constitutional concerns. *Zadvydas v. Davis*, 533 U.S. 678, 690-96 (2001). The Court instead interpreted Section 1231(a)(6) to permit detention for purposes of effectuating removal only where such removal is "reasonably foreseeable." *Id.* at 699. The Court found it "practically necessary to recognize some presumptively reasonable period of detention," which it set at six months. *Id.* at 701. After the 6-month period, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

Petitioner is beyond the 90-day period of mandatory detention but is still within the "presumptively reasonable" six-month period set by *Zadyvdas*: she has been detained for over four months since her removal order became final. (Pet. ¶ 9.) Nevertheless, while Petitioner's detention is presumptively reasonable at this stage, the presumption of reasonableness may be rebutted. *See Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) ("At no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges . . . not a prohibition on claims challenging detention less than six months.") (quoting *Zadvydas*, 533 U.S. at 700-01); *Uzzhina v. Chestnut*, No. 1:25-cv-01594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does

not foreclose a claim that his or her detention is unlawful under *Zadvydas*."). And here, the Court concludes Petitioner has rebutted the presumption.

Petitioner was ordered removed to Afghanistan, but there is no reason to think that her removal to that country is imminent, as she was granted Deferral of Removal under the Convention Against Torture. (ECF 1-4 at 8-11.) Removal to Afghanistan is not reasonably foreseeable so long as the grant of deferral is in place. *Ndandu v. Noem*, 819 F. Supp. 3d 1155, 1160–61 (S.D. Cal. 2026) (deferral "presents a legal impediment to Petitioner's eventual removal because he may not be removed to the DRC—the only country he has a claim to citizenship—as long as the deferral of removal remains in effect."); *see also Ahmadi v. Bondi*, No. 2:26-cv-00811-TLF, 2026 WL 1123514, at *3 (W.D. Wash. Apr. 24, 2026) (granting *Zadvydas* claim for Afghan petitioner who had Convention Against Torture deferral).

Respondents instead, apparently, intend to remove Petitioner to a third country. (Answer at 4, 8.) While that may be Respondents' intent, there is no evidence that they moved from intention into action—let alone that they have any reason to think their efforts will result in removal any time soon. Petitioner denies having ties to another country, such that there would be an obvious candidate for third-country removal. (Pet. at 5-6.) *See Puertas-Mendoza v. Bondi*, No. SA-25-CA-00890-XR, 2025 WL 3142089, at *3 (W.D. Tex. Oct. 22, 2025) ("foreign governments 'routinely deny' requests to receive people who lack a connection to the would-be receiving country"). Respondents don't indicate that they have identified a third country, let alone that they have taken steps toward effectuating removal to a third country.

For these reasons, the Court finds that Petitioner has met her burden of rebutting the presumption that her removal is likely to occur in the reasonably

foreseeable future—as many courts have found on similar facts.[1] *E.g.*, *Ndandu*, 819 F. Supp 3d at 1161-62 (granting petition where petitioner had been detained for four months, had deferral of removal, and the only evidence regarding a third country removal reflected a failed attempt to remove to Mexico and a request sent to Headquarters asking for assistance in identifying other countries); *Hulago v. Casey*, 3:26-cv-02699-RBM-JLB, 2026 WL 1454142, at *3-4 (S.D. Cal. May 21, 2026) (granting relief less than six months after final removal order, where ICE claimed to be "working diligently" but did not represent that its efforts had borne fruit); *Abduvakhidov v. Warden, Golden State Annex Det. Facility*, No. 1:25-cv-01060-EPG-HC, 2026 WL 1298157, at *7 (E.D. Cal. May 12, 2026) (granting petitioner before six months of post-removal detention, in light of grant of withholding, even though third country had at least theoretically been identified); *see also Nadarajah v. Gonzales*, 443 F.3d 1069, 1082 (9th Cir. 2006) (holding petitioner had shown no significant likelihood of his removal in the reasonably foreseeable future based on his grant of asylum and CAT protection because "the government [was] not entitled to remove him to Sri Lanka, and no other country has been identified to which he might be removed."). The same facts also persuade the Court that

[1] It is unclear whether a person in Petitioner's shoes must both rebut the presumption that detention is reasonable *and* carry some initial burden of showing "good reason to believe there is no likelihood of removal in the reasonably foreseeable future," as is required in cases where the presumption of reasonableness does not apply. *See Zadvydas*, 533 U.S. at 701 (describing initial burden on those whose detention is not presumptively reasonable); *see also Trinh*, 466 F. Supp. at 1093 (suggesting that a petitioner who has been detained between 90 and 180 days might have to meet both burdens). Assuming Petitioner is required to meet some initial burden, the same facts that rebut the presumption of reasonableness would satisfy any initial burden.

Respondents cannot meet their burden to show that Petitioner's removal *is* substantially likely to occur in the reasonably foreseeable future.

Respondents point to Petitioner's criminal history, suggesting she is a danger to the community. (Answer at 9.) That argument may have been relevant to some of Petitioner's claims, but "dangerousness cannot justify indefinite detention under *Zadvydas*[.]" *Tuan Thai v. Ashcroft*, 366 F.3d 790, 798 (9th Cir. 2004); *see also Yakoub v. Marin*, No. 5:26-cv-01399-JAK-RAO, 2026 WL 922015, at *6 (C.D. Cal. Mar. 31, 2026) ("Under binding Supreme Court and Ninth Circuit precedent, a noncitizen's danger to the community is not material in the *Zadvydas* analysis.").

The Court therefore concludes that the Petition must be granted. Respondents may continue their efforts to remove Petitioner, of course, and may even be authorized to take her back into custody to effectuate such removal in the future. As of right now, however, Petitioner's removal is not imminent, and her detention is no longer justified.

## III. Conclusion

Accordingly, Claim One in the Petition (Pet. ¶¶ 32-44) is granted. Petitioner (A# 088-090-071) is ordered immediately released from custody on reasonable conditions. Respondents shall return all of Petitioner's personal property in their possession, including but not limited to identity documents, employment authorization documents, and/or drivers licenses.

Claims Two and Three in the Petition (Pet. ¶¶ 45-57) are denied as moot in light of the relief granted on Claim One.

Petitioner seeks injunctive relief that would limit Respondents' ability to re-detain her in the future or to remove her to a third country. (Pet. at 27.) The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:** 5:26-cv-04512-BFM **Date:** August 20, 2026

**Title:** *Maryum Burgazi v. Todd Blanche, et al.*

==================================================================

Court finds that the protections provided by the relevant regulations governing revocation of post-removal-order supervision are adequate in this case, and are the appropriate form of relief given the claims in this case.

Petitioner's counsel shall file a status report confirming Petitioner's release within three days of her release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

If Petitioner's counsel seeks EAJA fees, counsel shall file a timely motion with supporting documentation.

**IT IS SO ORDERED**

cc: Counsel of Record

Initials of Preparer: ch